offense required the jury, in order to return a verdict of guilty, to find that the defendant "unlawfully, feloniously and maliciously" gave false testimony, that he "knowingly and falsely" swore, and that the testimony was "known by (the defendant) to be false and untrue when so made," the negative raised by the customary reasonable doubt instruction completely and adequately covered Gibson's defense that he suffered from mental delusions and he in good faith believed the truth of the fact as to which he had testified. Accordingly, it was not required that the court give an affirmative instruction covering Gibson's theory of the case. Reynolds v. Commonwealth, Ky., 257 S. W.2d 514.

The judgment is reversed.

Robert F. Stephens, Miller & Griffin, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Motion for an appeal from the Mercer Circuit Court, K. S. Alcorn, Judge, from a judgment convicting appellant of selling alcoholic beverage in dry territory and fixing his punishment at a fine of $200 and confinement in the county jail for 120 days. His defense of entrapment is not supported by the evidence, and we find no reversible error in the record.

Motion for an appeal is denied, and the judgment is affirmed.

Ansel SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1959.

W. N. BARNETT, Appellant,

v.

Alfred S. PORTWOOD, Chairman, etc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1959.

